UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CRP/EXTELL PARCEL I, L.P.,

       Plaintiff,

 -v-

ANDREW M. CUOMO ET AL.,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER
10 Civ. 3801 (GBD)

GEORGE B. DANIELS, United States District Judge:

 Plaintiff CRP/Extell Parcel I, L.P. ("CRP") brings this action against the New York State Attorney General ("NYAG") alleging, inter alia, that the regulations under which the NYAG ordered CRP to release monies held in escrow deprived CRP of its property without due process of law under the Fourteenth Amendment of the U.S. Constitution. See Compl. ¶¶ 1, 155-174. This is CRP's only federal claim. See Compl.

 On May 15, 2010, the NYAG filed a Motion to Dismiss CRP's complaint contending that: (1) CPR's claims were not properly before this Court given that they should pursue an Article 78 review in New York State Court, and (2) that CPR was not deprived of their due process rights. See Mem. Supp. Mot. to Dismiss at 6-14. While CPR argued that their Fourteenth Amendment claim was properly stated in their Reply Memorandum in Support of their Motion for a Preliminary Injunction, CPR never formally responded to the NYAG's Motion. On June 23, 2010, CRP requested that this Court adjourn CRP's time to file anything further on the motion. The request was denied. CRP did not file anything further in opposition to the NYAG's Motion to Dismiss.

 This Court grants NYAG's motion to dismiss CRP's federal claim and declines to exercise supplemental jurisdiction over the remaining state law claims.

## Relevant Factual Background

The only issue before the Court on this motion is the adequacy of the NYAG's determination process when there is a down payment dispute. Under Section 352 of the N.Y. General Business Law, and its regulations, the NYAG is empowered to make a determination "on the disposition of the down payment and any interest thereon." 13 NYCRSS § 20.3(o)(3)(viii). On February 23, 2009, several purchasers filed an Application for a Determination before the NYAG and on April 9, 2010, the NYAG issued its determinations. Compl. ¶ 86, 89. CRP/Extell claims that it was not provided an opportunity to present evidence, depose witnesses or conduct any discovery even though the NYAG had the statutory authority to do so. See id. at ¶ 90-97. CRP/Extell was given the opportunity to present argument and make submissions before the NYAG. See id. at ¶ 82.

## Fourteenth Amendment Claim

The Fourteenth Amendment of the Constitution prohibits a state from "depriv[ing] any person of life, liberty or property without due process of law." U.S. Const. Amend XIV § 1. To determine how much process is due, a court must balance: "(1) the private interest affected, (2) the risk of erroneous deprivation through the process used and the value of other safeguards, and (3) the government's interest." Mathews v. Eldridge, 424 U.S. 319, 335 (1976); Spinelli v. City of N.Y., 579 F.3d 160, 169 (2d Cir. 2009). A court must take into consideration "the availability of other procedures" that reduce the risk of erroneous deprivation. N.Y. State Nat'l Org. for Women v. Pataki, 261 F.3d 156, 168-69 (2d Cir. 2001). The opportunity to proceed in a state court under Article 78 does not constitute sufficient procedural due process in all cases, but the availability of such remedy is a factor that weighs heavily in the analysis. See id.

Here, in addition to the procedures provided pre-deprivation, Article 78 constitutes a "wholly adequate post deprivation hearing for due process purposes." Locuto v. Safir, 264 F.3d 154, 175 (2d Cir. 2001); McCulloch v. Town of Milan, 2008 WL 298657 *2 (S.D.N.Y. 2008) (Preska, J.). Under Article 78, CRP/Extell has the right to have a state court determine that the NYAG's determination "was made in

2

violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious." N.Y. CPRL § 7803. If a material issue of fact is raised, CRP/Extell would be entitled to a full trial on the disputed issues. Locuto, 264 F.3d at 175 (citations omitted). The procedures provided pre- and post-deprivation ensure that "the risk of erroneous deprivation" is low weighing dispositively towards finding that the procedures were constitutionally adequate. See Spinelli, 579 F.3d at 169. Therefore, CRP/Extell was "not deprived of due process simply because it failed to avail itself of the opportunity" to pursue its available remedies in State Court. See Giglio v. Dunn, 732 F.2d 1133, 1135 (2d Cir. 1984). Its allegations of a constitutional deprivation fail to state a federal claim for relief. The federal due process claim is dismissed.

### State Claims

Having dismissed CRP/Extell's only federal claim, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state claims. Cartagena v. City of N.Y., 257 F. Supp. 2d 708, 709 (S.D.N.Y. 2003) (collecting cases). Therefore, CRP/Extell's state claims are dismissed without prejudice.

### Conclusion

CRP/Extell's Complaint is dismissed.[1]

Dated: October 12, 2010
New York, New York

SO ORDERED:

GEORGE B. DANIELS
United States District Judge

---

[1] Consistent with this Court's and the Second Circuit's decision denying Plaintiff's request for a preliminary injunction and stay, the escrow agent is hereby ordered to comply with the Attorney General's determination by turning over to purchasers the down payment funds held in escrow within 30 days from the date of this order, unless otherwise granted a stay by a New York State Court.